Done this 1st day of October, 1965.

SOIA SOLAITA of Nu'uuli, Objector

v.

TAPU TAYLOR of Tafuna, Applicant

No. 272-1965

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Title: "Avalogo" of Tafuna]

November 19, 1965

Soia Solaita, *pro se.*
Tapu Taylor, *pro se.*

OPINION OF THE COURT

ROEL, *Associate Justice.*

On August 31, 1965, Tapu Taylor, hereinafter referred to as Applicant, filed his application with the Clerk of the High Court to be registered as the holder of the matai title "Avalogo," attached to the Village of Tafuna. On September 29, 1965, Soia Solaita, hereinafter referred to as Objector, filed her objection to the registration of the title by the Applicant on the grounds that she, the Objector, had a better right to the title. This resulted in both the Applicant and the Objector becoming candidates for the

title Avalogo. We will not go into detail into the testimony and the evidence since it is all in the record.

After considering the testimony and the evidence, it is the opinion of this Court that the Applicant is eligible to be registered as the holder of a matai title in connection with the basic qualifications as set out in Section 6.0101 of the Code. In this connection we are satisfied that the Applicant was chosen by the members of the Avalogo Family living in Tafuna, the village to which said title is attached. We question whether the Objector was chosen by the Avalogo Family and are satisfied, from her own testimony, that none of the family members living in Tafuna selected her for the title. However, in view of the ambiguity of the statute, and in the best interest of the Avalogo Family in filing a title vacancy that has existed for many years, we are holding that both the Applicant and the Objector are eligible under the basic qualifications as set out in Section 6.0101 of the Code.

After considering the testimony and the evidence, it is the unanimous opinion of this Court and we so find, that the Applicant, Tapu Taylor, has one-half ($^1/_2$) hereditary right. Objector, Soia, claimed she guessed she had 20% hereditary right, which is an impossible title blood percentage. We find that the Objector presented no evidence as to her hereditary right. Accordingly, we find that the Applicant prevails over the Objector on the issue of hereditary right.

In connection with the second issue regarding the wish of the majority or plurality of the clans, we find that there are six (6) clans in the Avalogo Family. We further find that neither the Applicant nor the Objector were favored by the wish of the majority or plurality of the clans in the family. Accordingly, we are disregarding this issue of clans in the selection of the title holder.

After considering the testimony, evidence and argument, and taking into specific account the demeanor, personality,

presence of mind, the clarity, speed and correctness with which the answers were given, the self-confidence and other qualities reflected from the speech and behavior of the candidates, this Court is of the unanimous opinion that Applicant Tapu Taylor prevails over Objector Soia in the third consideration under Section 6.0107 on the issue of forcefulness, character, personality, and knowledge of Samoan customs.

It is further the unanimous opinion of this Court, after considering the testimony and the evidence, that the Applicant, Tapu Taylor, prevails over the Objector, Soia, in connection with the value of the holder of the matai title to the family, the village, and the country, as set out in the fourth issue in Section 6.0107 of the Code of American Samoa.

Since we find that the Applicant, Tapu Taylor, prevails over Soia on the first, third and fourth issues, it follows that the Applicant, Tapu Taylor, should be registered as the holder of the matai title Avalogo, attached to the Village of Tafuna.

Accordingly, it is the unanimous decision of this Court, and it is hereby ORDERED, ADJUDGED AND DECREED that Tapu Taylor be registered as the holder of the matai title Avalogo attached to the Village of Tafuna.

The Registrar of Titles will be advised of this decree.

Court costs in the amount of $12.50 to be paid by Objector Soia Solaita within 30 days.

Done this 19th day of November, 1965.